```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9-30-16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NATHANIEL H. CROWELL,

                             Plaintiff,

        -v-

CAROLYN W. COLVIN, Acting Commissioner of
Social Security,

                            Defendant.

------------------------------------------------------------------X

15 Civ. 2905 (PAE) (HBP)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Nathaniel H. Crowell, proceeding *pro se*, brings this action, pursuant to Section 205(g) of the Social Security Act, codified at 42 U.S.C. § 405(g), for judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") that Crowell did not qualify for disability insurance benefits under a particular listed impairment, Listing 14.08I. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A2, § 14.08I ("Listing 14.08I" or the "Listing"). The Commissioner found that Crowell had been disabled, but for only a limited period—between November 18, 2002 and ending on October 4, 2004, a date by which, the Commissioner found, Crowell had sufficiently medically improved. In so finding, however, the Commissioner did not find that Crowell had at any point met the requirements for disability under Listing 14.08I, which relates to chronic diarrhea and HIV. Crowell claims this was error and prejudiced him because, had he satisfied Listing 14.08I from the start of his period of disability, then, the Commissioner, to find Crowell medically improved by October 4, 2004, would have had to make additional findings.

On May 21, 2015, the Court referred this case to Magistrate Judge Henry B. Pitman. Dkt. 7. On August 11, 2016, after the Commissioner moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), Dkt. 14, and Crowell filed an opposition, Dkts. 20–21 (the "Opposition"), Judge Pitman issued a Report and Recommendation, recommending that the Commissioner's motion be granted, *see* Dkt. 22 (the "Report"). On August 29, 2016, Crowell filed objections to the Report, Dkt. 24 (the "Objections"), and, on September 23, 2016, the Commissioner filed a response, Dkt. 27.

For the reasons below, the Court adopts the Report in full and grants the Commissioner's motion.

## I.   Background[1]

This is Crowell's third action in federal court arising from his claim that he became disabled on November 18, 2002, when he was admitted to Columbia Presbyterian Medical Center for serious symptoms including fatigue, fever, chills, significant weight loss, and chronic diarrhea, and was diagnosed with HIV.

On August 17, 2004, Crowell applied for disability insurance benefits, but his application was denied. Crowell then requested a hearing before an administrative law judge ("ALJ"), which was held on January 12, 2006. On January 25, 2006, the ALJ found that Crowell had been disabled between November 18, 2002 and December 31, 2003. The Social Security Appeals Council (the "Appeals Council") upheld that decision, but on grounds different than the ALJ's.

---

[1] This summary is drawn from the detailed account provided in the Report and from the Court's review of the administrative record, Dkt. 13 (the "Record"), and the case record.

Two federal actions by Crowell ensued, both resulting in remands to the Commissioner and administrative proceedings on remand. [2]

On June 2, 2014, after a hearing, an ALJ found that Crowell had been disabled between November 18, 2002 and ending on October 4, 2004, but that Crowell, at no point, had met Listing 14.08I or any other listed impairment. *See* Record at 1397–412. The ALJ found that Crowell's disability had ended October 4, 2004 because a doctor's examination of him that day revealed sufficient medical improvement: The doctor concluded that Crowell's symptoms had improved significantly and that Crowell could perform moderate work-related activity, although the doctor noted Crowell's longer-term prognosis was poor due to his history of asthma and his HIV infection. *See Crowell v. Astrue*, No. 08 Civ. 8019 (LTS) (DF), 2010 WL 7765355, at *5, (S.D.N.Y. July 23, 2010), *report and recommendation adopted in part*, 2011 WL 4863537, at *6 (S.D.N.Y. Oct. 12, 2011); *see also* Report at 12–14. On February 19, 2015, the Appeals Council denied Crowell's request for review, making the ALJ's determination the Commissioner's final decision. Record at 1359–62. On April 8, 2015, Crowell filed this action seeking judicial review of the ALJ's decision. Dkt. 2.

Crowell holds master's degrees in anthropology and philosophy. Before his nearly two-year period of disability, he had worked, among other jobs, as a public high school teacher. He has published academic articles based on field research, including about Caribbean culture and dance. Record at 1556–57. Since the period of disability, he has worked occasionally as a part-time teacher and as a consultant. He has been an education consultant, teaching class management techniques to educators and staff members for the State University of New York in

---

[2] *See Crowell v. Astrue*, No. 08 Civ. 8019 (LTS) (DF), 2011 WL 4863537 (S.D.N.Y. Oct. 12, 2011); *Crowell v. Commissioner*, No. 13 Civ. 3508 (CM) (AJP), Dkt. 23 (S.D.N.Y. Jan. 7, 2014).

2009, and he did similar work for Knowledge and Delivery Systems in 2010 (when he last worked).  *See id.* at 1552–54.  At a May 8, 2014 consultative medical examination sought by the Division of Disability Determination, a doctor gave Crowell a prognosis of fair, noting that he has HIV and asthma but otherwise largely reporting normal medical functioning.  *Id.* at 1367–76.  The doctor noted that Crowell has intermittent diarrhea and complains of chronic fatigue.  But, the doctor concluded, the objective facts do not support that Crowell is restricted in his ability to sit, stand, climb, or push, pull, or carry heavy objects.  Rather, they show that Crowell can sit, stand, and walk for eight hours each in an eight-hour workday.  *Id.*

In challenging that decision, Crowell makes two related arguments.[3]  First, Crowell argues, the ALJ's determination that he did not satisfy Listing 14.08I was not based on substantial evidence.  *See* Opposition, Dkt. 21, at *4–11.[4]  Second, he argues, the ALJ erred in evaluating the evidence, in that he misapplied the "treating physician rule," *see id.* at *11–18, under which a treating physician's opinion is given controlling weight if certain requirements are met, *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Judge Pitman's Report comprehensively discusses these requirements.  It considered and rejected each of Crowell's claims.

## II.   Discussion

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[3] Because the Court, in adopting the Report, upholds the Commissioner's determination, it has no occasion to address Crowell's other claims, which presuppose that the Court overturned that determination.  *See* Opposition, Dkt. 21, at *18–27.

[4] For ease of reference, when a document's own pagination is unclear or consistent, the Court refers to the ECF pagination, noted by an asterisk.

magistrate judge." 28 U.S.C. § 636(b)(1).  To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)).  When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*.  *See id.*; Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998).  But when the objections simply reiterate previous arguments or make only conclusory statements, the court should review the Report and Recommendation for clear error.  *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *see Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases).  This is so even in the case of a *pro se* plaintiff.  *Cf. Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).  Further, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation."  *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted); *see also Pan Am. World Airways v. Int'l Bhd. Of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990) ("A district judge is not required to hear or rehear any witness, and Pan Am had no right to present further testimony when it offered no justification for not offering the testimony at the hearing before the magistrate.").

For the reasons Judge Pitman articulated in his thoughtful report, the ALJ's decision was supported by substantial evidence and did not reflect legal error.  On clear error review of the Report, the Court finds none.  The Report thoroughly reviewed the relevant law and the record and properly concluded that (1) the ALJ's determination that Crowell did not satisfy Listing 14.08I was supported by substantial evidence, (2) the treating physician rule was inapplicable,

and (3) Crowell was properly found to have medically improved by October 4, 2004, so as no longer to be disabled.

Objecting to the Report, Crowell argues that Judge Pitman erred by not reviewing the ALJ's determination that Crowell did not meet Listing 14.08I from November 18, 2002 onward but instead wrongly focused on whether he met that Listing from October 4, 2004 on.[5] Objections at 2. Crowell argues that, if the ALJ erred in finding that Crowell did not meet the Listing's requirements, then that error taints the ALJ's determination that Crowell sufficiently medically improved by October 4, 2004. This is because the ALJ would then have had to make findings about whether Crowell improved with respect to the Listing's requirements.

---

[5] Crowell separately argues that the Report erroneously concluded that he admitted in his 2014 hearing before the ALJ that he did not satisfy Listing 14.08I after January 1, 2004. Objections at 9–10; Report at 39. At the hearing, the ALJ listed the requirements of Listing 14.08I, one of which is that the diarrhea require as treatment either intravenous hydration, intravenous alimentation, or tube feeding, and stated that Crowell did not need these treatments. Record at 1568. Crowell responded by stating that the requirements of the Listing were met at the onset date, November 18, 2002, and then said, "If you're simply looking at January 1, 2004, onward, certainly I haven't had necessity for alimentation." *See id.* at 1568–69. The ALJ then said, "All right. So we agree with that." *Id.* at 1569. Crowell responded, "But with the onset date, it does work." *Id.*

Crowell now argues that his comment was misconstrued. He claims that he meant only to admit that he had not had intravenous *alimentation* since January 1, 2004, but not that he did not meet the requirements of the Listing, because intravenous alimentation is only one of the three treatments that can satisfy the Listing, the others being intravenous hydration and tube feeding. But read in context, that argument is unpersuasive. Both before and after his comment about intravenous alimentation, Crowell stated that the Listing's requirements had been satisfied at the onset date, indicating that he was contrasting his treatments as of the onset date with those after January 1, 2004, when they were not satisfied. The ALJ reasonably understood Crowell to agree with him that the treatment requirement was not satisfied ("All right. So we agree with that"), and Crowell responded that the requirement was satisfied as of the earlier onset date ("But with the onset date, it does work"), implying agreement that from January 1, 2014, the Listing was not met. In any event, the ALJ did not rely on this aspect of Crowell's testimony in his decision, and the ALJ's determination is otherwise supported by substantial evidence.

This argument is unpersuasive for several reasons. First, Crowell is wrong to claim that the Report did not consider whether he met the Listing's requirements starting on November 18, 2002. The Report considered whether Crowell met the conditions of Listing 14.08I starting on November 18, 2002 as part of its review of the ALJ's determination that the treating physician rule did not apply and that Crowell did not meet the Listing at any time. *See* Report at 36–43. Indeed, as an example, the Report specifically addressed the ALJ's review of the evidence that Crowell's diarrhea had improved during his November 2002 hospitalization. *See id.* at 37–38.[6]

Nevertheless, mindful of the duty to interpret *pro se* litigants' submissions as making the strongest arguments they suggest, *see Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), the Court alternatively treats Crowell's objections as triggering *de novo* review of the Report's conclusion that the ALJ's finding that Crowell did not meet Listing 14.08I before October 4, 2004 was supported by substantial evidence.[7] On such review, Crowell's claim still fails.

---

[6] The Report appropriately reviewed evidence of whether Crowell met the Listing's requirements in the context of the treating physician rule, because the burden is on Crowell, as claimant, to prove the Listing's requirements are satisfied, *see, e.g.*, *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013). Crowell's evidence that treating physicians opined he met the Listing's requirements is that the doctor who treated him between 2006 and 2009, Dr. Lisa Schwartz, checked a box on a form in 2008 indicating he met those requirements, Record at 1287–89, and that Dr. Renuka Jain's discharge note from his November 2002 hospital stay states his chronic diarrhea "may improve," *id.* at 1270. *See* Report at 36–43. The Report, however, thoroughly discussed why the ALJ properly discounted this evidence and did not apply the treating physician rule to it. *See id.* at 28–30, 36–43.

[7] Crowell separately claims, albeit in passing, that the ALJ erred by not making a finding about whether his symptomatic HIV condition was a "permanent impairment" as defined in 20 C.F.R. § 404.1590. He argues that § 404.1590, which governs the timing of the Commissioner's review of a continuing disability, was misapplied. Crowell's arguments are hazy, but construing them most favorably to Crowell as a *pro se* plaintiff, he appears to argue that, because he has HIV, the ALJ would have been required to find that this condition fit the "permanent impairment— medical improvement not expected" classification in § 404.1590(c). *See* Objections at 5–6. For this point, Crowell relies on the Social Security Administration's Program Operations Manual ("POMS"), a nonbinding policy guidance handbook for Social Security employees, which

To begin, Crowell's observation that a finding that he met the Listing's requirements would necessitate additional factfinding as to whether he had attained medical improvement does not address the decisive issue in this case: whether substantial evidence supported the ALJ's determination that Crowell did not meet the requirements of Listing 14.08I. Only if Crowell met the Listing would there be cause for such additional factfinding. Here, the ALJ found that Crowell had not met the Listing's requirements at any time, including as of the date when, applying the apposite standards, he found that Crowell had medically improved. Record at 1404–06.[8]

---

advises that a "symptomatic HIV infection" is a permanent impairment, *see* POMS DI 26525.045, but which, not being a regulation, lacks legal effect. *See Ellis v. Apfel*, 147 F.3d 139, 142 n.3 (2d Cir. 1998) (citation omitted).

For two reasons, however, Crowell is wrong to claim error based on the Commissioner's failure to consider whether his HIV condition was a "permanent impairment." First, it does not appear that Crowell raised this argument before Judge Pitman; without any justification for his failure to do so, the Court may decline to consider it on that basis alone. Second, on the merits, Crowell has shown no harm from the fact that the ALJ did not determine whether his HIV condition was a permanent impairment. Section 404.1590 governs the time by which the Social Security Administration must undertake its next review of a claimant's *continuing* disability. For example, where an impairment is expected to improve, then the agency's next review is in the following six to 18 months; a permanent impairment, however, is reviewed every five to seven years. *See* 20 C.F.R. § 404.1590(d); *see also Ocampo v. Building Serv. 32B-J Pension Fund*, 787 F.3d 683, 685–86 (2d Cir. 2015). Here, however, Crowell has failed to show that he was entitled to any subsequent review of the disability that he was found to have had during the closed period of November 18, 2002 to October 4, 2004.

[8] In brief, the regulations set forth a five-step process for determining whether a person is disabled, 20 C.F.R. § 404.1520(a)(4)(i)–(v), and a separate eight-step process for determining whether a disabled person has medically improved so as no longer to be disabled, 20 C.F.R. § 404.1594(f)(1)–(8). In the second process, if a person had not engaged in substantial gainful activity, determined at step one, and if a person meets the requirements of a listed impairment, determined at step two, then that person will not be considered to have sufficiently medically improved and will still be disabled. *See id.* at § 404.1594(f)(1)–(2). Medical improvement is determined by comparing the current level of severity against the previous level of severity determined in the claimant's favor. *See id.* at § 404.1594(b)(7). The Report extensively discusses these processes and their application in this case.

Even when reviewed *de novo*, the Report's finding that these determinations were supported by substantial evidence does not reveal any error:  The ALJ properly concluded, based on substantial evidence, that Crowell did not meet the requirements of Listing 14.08I.  The standard of judicial review of administrative determinations is well-established.  A court may only reverse an administrative determination if it is based upon legal error or unsupported by substantial evidence.  *E.g.*, *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" on judicial review.).  "Substantial evidence is 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The Court is to review the record as a whole to determine whether there is substantial evidence "to support the Commissioner's decision and if the correct legal standards have been applied."  *Brault v. Social Sec. Admin., Com'r*, 683 F.3d 443, 447 (2d Cir. 2012) (quotation omitted).  Substantial evidence is a "very deferential standard of review—even more so than the 'clearly erroneous' standard."  *Id.* at 448 (citation omitted).  "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would have to conclude otherwise."  *Id.* (quotation and emphasis omitted); *see also Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 477 (1951) (describing the substantial evidence standard as being enough evidence to permit a court to refuse to grant judgment as a matter of law).  When there is substantial evidence to support both the administrative determination and a different result, the administrative determination prevails.  *See Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990); *see also DeChirico v. Callahan*, 134 F.3d 1177, 1182–83 (2d Cir. 1998) (affirming an ALJ's determination that a disability claimant did not meet a listed impairment's

requirements as supported by substantial evidence even though there was also substantial evidence that the claimant met the listed impairment's requirements).

The Listing relevant here, 14.08I, requires, along with an HIV infection, "[d]iarrhea, lasting for 1 month or longer, resistant to treatment, and requiring intravenous hydration, intravenous alimentation, or tube feeding." 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A2, § 14.08I. To be found disabled based on a listed impairment, the claimant's impairment must satisfy all the requirements of the listing.[9] 20 C.F.R. § 404.1525(c)(3); *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). The claimant bears the burden of proving that a listing's requirements are satisfied. *See, e.g.*, *Selian*, 708 F.3d at 418. "Resistant to treatment means that a condition did not respond adequately to an appropriate course of treatment," which depends on the specific disease or condition and the facts of a particular case. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A2, § 14.00(C)(11).

The ALJ determined that Crowell did not meet these requirements because his diarrhea was not resistant to treatment. At the May 20, 2014 hearing, the ALJ examined and received the opinion of the medical expert, Dr. Noah Robbins, and the opinion of a vocational expert. The

---

[9] The listings in 20 C.F.R. Part 404, Subpart P, Appendix 1 cover numerous physical and mental illnesses and abnormalities, mostly categorized by the body system they affect. Listing 14.00 contains listings for immune system disorders; 14.08 contains listings involving conditions occurring in a claimant who also has an HIV infection.

The Commissioner determines whether a person is disabled by following a five-step process required by the regulations. 20 C.F.R. § 404.1520(a)(4)(i)–(v); *see also* Report at 22–27. The listed impairments are part of this determination at the third step. If the claimant is not engaged in substantial gainful activity, determined at the first step, and if the claimant has a severe medically determinable impairment, determined at the second step, then the claimant will be determined to be disabled if the impairment meets a listed impairment, determined at the third step. If the claimant's impairments do not meet a listing, then the claimant may still be determined to be disabled at steps four and five, which assess, respectively, the claimant's residual functional capacity and whether the claimant can adjust to other work. The Report comprehensively discusses these requirements.

ALJ also examined Crowell and permitted Crowell to examine Dr. Robbins and the vocational expert.  Dr. Robbins testified that Crowell's impairments did not meet the requirements of any listed impairment at any relevant time.  Record at 1405, 1569.  The ALJ found that Crowell's diarrhea had improved during his November 18–30, 2002 hospital stay, in part because by November 26 and 27 doctors at the hospital reported that Crowell had diarrhea only once the preceding day and that his stool had become less watery.  *Id.* at 1405 (citing *id.* at 459–61). Medical progress notes from Crowell's hospital stay substantiate this improvement: November 21, 2002: "watery green diarrhea several times," *id.* at 348; November 23, 2002: "Diarrhea slowing down to 4 times/day.  Continues to tolerate food, no other complaints," *id.* at 351; November 24, 2002: "No new complaints, stools still loose, one yesterday and once this am," *id.* at 352; November 25, 2002: "Reports diarrhea has reduced in frequency and has become thicker in consistency, like a 'hamburger patty,'" *id.* at 354; November 26, 2002: "Diarrhea x 1 yesterday. . . stool was less watery and still brown," *id.* at 356.  After being discharged from his hospital stay, Crowell reported to doctors at Montefiore Medical Center on December 16, 2002; a medical record from that visit notes "recent diarrheal illness—now feels better—0 diarrhea." *Id.* at 97.  Further, Crowell testified at his first Social Security hearing on January 12, 2006 that he managed his diarrhea following his 2002 hospital stay by regulating his diet.  *Id.* at 388–89. This was substantial evidence supporting the ALJ's conclusion that "treatment for [Crowell's] diarrhea was successful and that it subsided within one month of the institution of treatment."  *Id.* at 1405.

In sum, Crowell's main objection to the Report, that it failed to evaluate whether substantial evidence supported the ALJ's determination that he did not meet the requirements for Listing 14.08I starting on November 18, 2002, is belied by the Report itself and unpersuasive

11

even upon *de novo* review. Substantial evidence supported the ALJ's determination that Crowell did not meet the requirements for Listing 14.08I between November 18, 2002 and October 4, 2004.

Accordingly, having found no clear error in the Report and no error in the portions of the Report specifically objected to, the Court adopts the Report in its entirety.

## CONCLUSION

For the foregoing reasons, the Court grants the Commissioner's motion for judgment on the pleadings. The Clerk of Court is respectfully directed to mail a copy of this Opinion to Crowell, to terminate the motion pending at Dkt. 14, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 30, 2016
       New York, New York